IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRIE DEON FINUCANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2402 |
| | § | |
| OFFICER N. MATSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Former county jail inmate Barrie Deon Finucane has filed a civil rights complaint under 42 U.S.C. § 1983 against the City of Houston, the Houston Police Department ("HPD"), and HPD Officer N. Matson. At the Court's request, Finucane has filed a more definite statement of his claims. (Doc. # 8). Finucane, who proceeds *pro se* and *in forma pauperis*, has also filed an amended version of his complaint. (Doc. # 9). The City of Houston and HPD have filed a joint motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 17). Finucane has filed more than one response. (Docs. # 20, # 21). After considering all of the pleadings, and the applicable law, the Court grants the defendants' motion and dismisses the plaintiff's complaint against the City and HPD for reasons set forth below.

**I.     BACKGROUND**

Finucane reports that he was riding his bicycle in Houston's Third Ward at approximately 9:30 p.m. on April 21, 2008, when he encountered HPD Officer Matson.

Officer Matson, who was on patrol alone that night, supposedly stopped Finucane because he was "riding on the wrong side of the street" and because he was out after dark with "no lights" or reflective material on his bicycle.  Finucane complains that Officer Matson conducted a search of his person without any justification and found marijuana in the "watch pocket" of his jeans.

As a result of his encounter with Officer Matson, Finucane was charged with a Class B misdemeanor offense for possessing marijuana.  These charges were lodged against Finucane in cause number 1521371 in Harris County Criminal Court at Law No. 3.  Finucane alleges that these charges were dismissed on July 16, 2008, because of Officer Matson's failure to comply with proper police procedure during the April 21, 2008 arrest.  In particular, Finucane complains that Officer Matson lacked a warrant or probable cause to conduct a search of his pockets.  Finucane contends that he spent eighty-five days in jail as a result of his false arrest.[1]

Finucane concedes that he violated the law by riding his bicycle on the wrong side of the street and without lights or reflective material on the night of his arrest.  He complains, nevertheless, that Officer Matson searched his pockets without a warrant or probable cause solely because he is black.  Finucane claims, therefore, that he was subjected to false arrest

---

[1] The defendants tell a different story in their answer, alleging that the case was dismissed because Finucane has a lengthy criminal record and he had already served eighty-six days in jail, which was four days from the maximum that such offenders typically serve for the misdemeanor offense charged. (Doc. # 18).  Although the answer purports to include a copy of the State's motion to dismiss the charges, the referenced exhibit is missing from the record.

and false imprisonment because HPD has an unlawful policy of "racial profiling." As a result of this policy, Finucane claims that his arrest by Officer Matson violated his constitutional rights under the Fourth and Fourteenth Amendments. Finucane seeks $5 million in damages for violations of his civil rights under 42 U.S.C. § 1983.

The City of Houston and HPD have filed a joint motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 17). Finucane has filed more than one response. (Docs. # 20, # 21).[2] The parties' contentions are discussed further below under the governing standard of review.

## II.     STANDARD OF REVIEW

The City of Houston and HPD have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which asserts that the plaintiff's complaint fails to state a claim upon which relief can be granted. Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). As the Supreme Court has emphasized, "heightened fact pleading of specifics" is not required to state a claim for purposes of surviving a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Nevertheless,

---

[2]  Finucane labels one of his responses a "Motion to Dismiss the Defendants' Motion to Dismiss." (Doc. # 21). The Court construes this pleading as a supplemental response to the defendants' motion to dismiss. To the extent that Finucane objects to portions of the defendants' answer, the Court construes this pleading as a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. Finucane objects to portions of the answer which make reference to his many aliases and his lengthy criminal record. To the extent that this information is relevant to the affirmative defenses presented in this case, Finucane's motion to strike will be denied.

"a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When ruling on a motion to dismiss under Rule 12(b)(6), a reviewing court must accept as true all of the factual allegations contained in the complaint. *See Twombly*, 127 S. Ct. at 1965 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S. Ct. at 1965. A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

In this case, Finucane complains that the defendants are liable for violating his constitutional rights because he was searched without a warrant or probable cause and that he was subjected to false imprisonment as the result of a policy of racial profiling. Finucane's claims are governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted). The City of Houston and HPD argue that Finucane's allegations fail to meet this standard.

### A.     Legal Capacity

The defendants argue that Finucane's complaint against HPD must be dismissed because, as a city department, it lacks the requisite legal capacity to be sued.[3] Under the rules, a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v.*

---

[3]     The City references Article II Section 16 of the Houston City Charter. This portion of the Charter establishes that, as an arm of the City, HPD does not have an independent legal existence. (Doc. # 17, Exhibit A).

*Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly. *See id*. at 313-14. As a department within the City of Houston, HPD does not qualify as an entity with capacity under the rules because it cannot sue or be sued. *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'") (quoting *Darby*, 939 F.2d at 313-14); *Maxwell*, 815 F. Supp. at 215 (finding that HPD lacks an independent legal existence and the capacity to be sued). Accordingly, Finucane fails to state a claim upon which relief can be granted against HPD and his complaint against this defendant must be dismissed.

### B. Municipal Liability

The City of Houston argues that Finucane's complaint against it must be dismissed because he has not alleged facts establishing municipal liability under 42 U.S.C. § 1983. Municipalities are deemed to be "persons" susceptible to suit under § 1983. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability, however, cannot be sustained under a theory of *respondeat superior* or vicarious liability. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). The fact that a tortfeasor is an employee or an agent of a municipality is not sufficient for city liability to attach; rather, "the municipality must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (quoting *Monell*, 436 U.S. at 694), *cert. denied*, — S. Ct. —, 2009 WL 804231 (2009). In other words, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur[.]" *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To state a claim under § 1983 against a municipality, the plaintiff must allege the violation of a federally protected right through implementation or execution of a policy or custom adopted by that body's officers. *See Monell*, 436 U.S. at 691; *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006). The essential elements of municipal liability under § 1983 are as follows: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski*, 237 F.3d at 578 (citing *Monell*, 436 U.S. at 694). An "official policy" for purposes of § 1983 is either "a policy statement, ordinance, regulation, etc., that has been officially adopted by a policymaker, or a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (quotation and citation omitted). Further, the policymaker "must have actual or constructive knowledge of the alleged policy." *Id.* at 748-49; *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) ("Knowledge on the part of a policymaker that a constitutional violation will most likely result from a

given official custom or policy is a *sine qua non* of municipal liability under section 1983.").

Here, Finucane contends that his arrest and subsequent imprisonment were falsely based on a policy of racial profiling by HPD officers. In support of his claim for municipal liability, Finucane points to his encounter with Officer Matson and the warrantless search that resulted in his arrest on April 21, 2008. Assuming that Finucane's allegations about the incident are true for purposes of review under Rule 12(b)(6), the Fifth Circuit has held that "[i]solated unconstitutional actions by municipal employees will almost never trigger liability" on a municipality's part under § 1983. *Piotrowski*, 237 F.3d at 578. In that regard, it is well established that isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy for purposes of making a claim against a municipality under § 1983. *See Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 437 (5th Cir. 2008) (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)); *Bennett v. City of Slidell*, 728 F.2d 762, 764 n.3 (5th Cir. 1984).

Finucane has filed more than one supplement to his complaint and he has also filed more than one response to the City's motion to dismiss. The facts alleged in these pleadings do not tend to show that the City had a policy or custom that resulted in the violation of Finucane's rights or that any such deficient policy or custom was the moving force behind his arrest. Because Finucane fails to demonstrate that any of the wrongs outlined in the complaint were the direct result of an official policy or custom, he fails to state a claim against the City of Houston under 42 U.S.C. § 1983 and his complaint against this defendant must be dismissed.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion to dismiss filed by the City of Houston and HPD (Doc. # 17) is **GRANTED**.

2. The plaintiff's "Motion to Dismiss the Defendants' Motion to Dismiss" (Doc. # 21), which has been considered and construed as a response to the defendants' motion, is **MOOT**.  To the extent that the plaintiff moves to strike portions of the defendants' answer, the motion (Doc. # 21) is **DENIED**.

3. If appropriate, the remaining defendant, Officer Matson, shall file a motion for summary judgment within **sixty days** from the date of this order.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 9, 2009.

_____
Nancy F. Atlas
United States District Judge