IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRIE DEON FINUCANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2402 |
| | § | |
| OFFICER N. MATSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Former county jail inmate Barrie Deon Finucane filed a civil rights complaint under 42 U.S.C. § 1983 to challenge his April 21, 2008 arrest by an officer employed with the City of Houston Police Department ("HPD"). Finucane, who proceeds *pro se* and *in forma pauperis*, has filed a more definite statement of his claims and an amended version of his complaint. [Docs. # 8, # 9]. The only remaining defendant, HPD Officer Nicholas Matson, has filed a motion for summary judgment. [Doc. # 45]. Finucane has not filed a response and his time to do so has expired. After considering all of the pleadings, and the applicable law, the Court grants the defendant's motion and dismisses this case for reasons set forth below.

**I.     BACKGROUND**

Finucane contends that he was riding his bicycle in Houston's Third Ward at approximately 9:30 p.m. on April 21, 2008, when he encountered HPD Officer Nicholas Matson. Finucane concedes that Officer Matson, who was on patrol alone that night, stopped

him for violating municipal ordinances by "riding on the wrong side of the street" after dark with "no lights" or reflective material on his bicycle. After he detained Finucane, Officer Matson conducted a search and recovered marijuana from the "watch pocket" of Finucane's jeans.

As a result of his encounter with Officer Matson, Finucane was arrested and charged with a Class B misdemeanor offense for possessing marijuana. Those charges were lodged against Finucane in cause number 1521371 in Harris County Criminal Court at Law No. 3. Finucane alleges that these charges were dismissed on July 16, 2008, because of Officer Matson's failure to comply with proper police procedure during the April 21, 2008 arrest. Arguing that Officer Matson lacked a warrant or probable cause to conduct the search, Finucane insists that he was subjected to false arrest and imprisonment in violation of the Fourth and Fourteenth Amendments. Finucane seeks $5 million in damages for violations of his civil rights under 42 U.S.C. § 1983.

In a previous order, this Court dismissed Finucane's complaint against the City of Houston and HPD for failure to state a claim upon which relief could be granted. [Doc. # 25]. After Finucane filed a notice of appeal from that decision, this Court stayed the remaining claims against Officer Matson until after the Fifth Circuit issued a decision. [Doc. # 28]. On July 8, 2009, the Fifth Circuit dismissed Finucane's appeal for lack of jurisdiction. *See Finucane v. City of Houston*, No. 09-20292 (5th Cir.). [Doc. # 42]. Thereafter, Officer Matson filed a motion for summary judgment, arguing that Finucane is not entitled to relief on his remaining claims. [Doc. # 45]. The parties' contentions are discussed further below

under the governing standard of review.

## II.     STANDARD OF REVIEW

Officer Matson's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The moving party has the burden of showing that summary judgment is appropriate. *See Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009) (citing *Celotex*, 477 U.S. at 323). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *Celotex Corp.*, 477 U.S. at 322-23.

If the moving party meets its initial burden, "[t]he nonmoving party 'must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim.'" *Peterson v. City of Forth Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009) (quotation omitted). "The identified evidence 'must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial.'" *Id.* The non-movant must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). "A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citation and quotations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co*., 478 U.S. at 587-88; *Hill v. Carroll County, Miss*., 587 F.3d 230, 233 (5th Cir. 2009). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, a reviewing court will not assume "that the non-moving party could or would prove the necessary facts,' and will grant summary judgment 'in *any* case where critical evidence is so weak or tenuous on an

essential fact that it could not support a judgment in favor of the nonmovant.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075) (emphasis in original).

The Court acknowledges that the plaintiff proceeds *pro se* in this instance. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Likewise, it is well established that "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

As noted above, the plaintiff has not filed a response to the motion for summary judgment and his time to do so has expired. According to this Court's local rules, responses to motions are due within twenty-one days, S.D. TEX. R. 7.3, unless the time is extended. Any failure to respond is taken as a representation of no opposition. S.D. TEX. R. 7.4. The Court specifically directed the plaintiff to respond within thirty days to any dispositive motion filed by the respondent or face dismissal for want of prosecution. [Doc. # 11, Order dated Oct. 6, 2008, at ¶ 6]. Notwithstanding the plaintiff's failure to respond, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing

5

*Hibernia Nat'l Bank*, 776 F.2d at 1279). In that regard, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the reviewing court may not grant the motion regardless of whether any response was filed. *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is warranted, the district court may accept as undisputed the facts set forth in the motion. *See Beard v. Banks*, 548 U.S. 521, 527 (2006); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. DISCUSSION

In this case, Finucane complains that Officer Matson is liable for violating his constitutional rights by searching his person without a warrant or probable cause and subjecting him to false arrest and imprisonment. Finucane's claims are governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted).

Finucane's allegations of false arrest and false imprisonment are governed by the

Fourth Amendment to the United States Constitution, which safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Whether an arrest is illegal under the Fourth Amendment hinges on the absence of probable cause. *See Baker v. McCollan*, 443 U.S. 137, 144-45 (1979); *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). To prevail on his claim of false arrest and false imprisonment under 42 U.S.C. § 1983, Finucane must show that Officer Matson did not have probable cause to arrest him. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause.").

To determine the presence or absence of probable cause, the totality of the circumstances surrounding the arrest must be considered. *See Ornelas v. United States*, 517 U.S. 690, 696-97 (1996). "Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam).

Officer Matson has provided an affidavit in response to Finucane's allegation of false arrest. [Doc. # 45, Exhibit A]. According to this affidavit, Officer Matson encountered Finucane at approximately 9:30 p.m. on the evening of April 21, 2008. At the time, Finucane was riding his bicycle on the wrong side of the street after dark without any reflective

material on his bicycle or on his person. Finucane concedes that this constitutes a municipal traffic violation and that he committed this offense in Officer Matson's presence.[1]

Officer Matson reports that, when he attempted to detain Finucane, he failed to comply with orders to stop. Officer Matson had to pursue Finucane with lights and sirens. Officer Matson describes Finucane's conduct as evasive and his demeanor as aggressive. Finucane reportedly argued with Officer Matson and used profanity throughout the incident. Based on Finucane's conduct and demeanor, Officer Matson came to the conclusion that Finucane was under the influence of drugs.

Officer Matson states that he placed Finucane under arrest for the municipal violations and potentially for attempting to evade arrest in violation of Texas law.[2] Once Officer Matson placed Finucane under arrest, he searched him and found a small quantity of marijuana in Finucane's pocket. According to Officer Matson, the search was limited in scope and justified under the circumstances because it was incidental to Finucane's arrest for an offense committed in his presence, namely, the municipal violation.

Officer Matson contends that he acted in good faith based on his experience and

---

[1] Under the Texas Penal Code, "[c]onduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under statute." TEX. PEN. CODE ANN. § 1.03(a) (Vernon 1994). Neither party cites to the relevant municipal ordinance that governs Finucane's conduct on the night in question. Since it is undisputed by Finucane that his actions violated a municipal ordinance passed by the City of Houston, the Court assumes that this is true for purposes of this order.

[2] In Texas, a person commits the offense of evading arrest "if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04(a).

training as an HPD officer and that he conducted the search as a reasonable and prudent officer would have under the circumstances. Officer Matson reports that the charges against Finucane were ultimately dismissed on a motion filed by the prosecutor, not because of any problem with the search, but because Finucane had served the maximum amount of time he could have received in Jail for a Class B misdemeanor offense. In support of that assertion, Officer Matson provides an affidavit from the prosecutor, Assistant Harris County District Attorney Ed McClees, and a copy of the State's motion to dismiss the charges against Finucane. [Doc. # 45, Exhibits B & C]. The motion and the affidavit from McClees reflect that, as of July 16, 2008, Finucane had already served 86 actual days in Jail. Under the Harris County Jail's policy of "2 for 1 credit," this meant that Finucane had already served close to the maximum amount of time he could receive for a Class B misdemeanor offense. The motion notes further that, with Finucane's "extensive" criminal record, "another conviction will have little effect on his record." Thus, the decision to dismiss the charges was based on judicial economy, and not as the result of any procedural error by Officer Matson in connection with the search that he conducted incident to Finucane's arrest.

In Texas, "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM PROC. art. 14.01(b) (Vernon 2005); *Magic v. State*, 878 S.W.2d 309, 312 (Tex. App. — Houston [1st Dist. 1994, pet ref'd) (upholding an arrest for violating a municipal ordinance). The Supreme Court has made clear that, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the

Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (involving an arrest for failure to wear seatbelts as required by the Texas Transportation Code). As the Supreme Court has emphasized, "when an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests [protected by the Fourth Amendment] is not in doubt" and "the arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 128 S. Ct. 1598, 1604 (2008) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975); *Brinegar v. United States*, 338 U.S. 160, 164 (1949)). If there was probable cause for any of the charges made, then the arrest was supported by probable cause and any claim for false arrest fails. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *Sorenson*, 134 F.3d at 328.

As the pleadings confirm, Finucane admits that he committed an offense in Officer Matson's presence. Likewise, he does not refute Officer Matson's contention that Finucane attempted to evade detention on the night in question or that the search was incidental to his arrest. Searches incidental to a lawful arrest are among the recognized exceptions to the warrant requirement found in the Fourth Amendment. *See Moore*, 128 S. Ct. at 1607. In that regard, "officers may perform searches incident to constitutionally permissible arrests in order to ensure their safety and safeguard evidence." *Id.* (citing *United States v. Robinson*, 414 U.S. 218, 235 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." (quotation marks omitted)).

10

Although a search incident to a custodial arrest must be narrowly tailored, an officer may search the area within the arrestee's immediate control to secure any weapons that the arrestee might use or evidence the arrestee might conceal. *See Chimel v. California*, 395 U.S. 752, 763 (1969).

Finucane does not show that his arrest was invalid or that the attendant search was unlawful under the circumstances of this case. Because it is undisputed that Officer Matson observed Finucane commit a violation and engage in evasive behavior, it appears from this record that the arrest was reasonable under the Fourth Amendment. *See United States v. Harris*, 566 F.3d 422, 435 (5th Cir. 2009). It follows that Finucane fails to demonstrate a valid claim for false arrest. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). Absent a showing that genuine fact issues remain, Officer Matson is entitled to summary judgment in his favor.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion for summary judgment [Doc. # 45] is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 26th, 2010.

Nancy F. Atlas
United States District Judge